is on our docket this morning that has similar issues and since we are doing this via zoom we thought to best replicate a courtroom experience to allow the counsel for spacex which is the second case to remain in the in the zoom video piece that he could participate he could see and hear but we would ask that he turn off his video and keep muted during the argument in the second case counsel for amazon and for the teamsters negotiating committee is also welcome to do the same during the spacex case if you'd like all right the first case is 24-50761 amazon.com services llc versus national labor relations board mr cox your honor as i may please the court trevor cox from hunt and andrews kerf on behalf of amazon.com services llc amazon i'd like to reserve four minutes for rebuttal please we are here on the district court's effective denial of amazon's motion for a preliminary injunction to temporarily pause unconstitutional proceedings in the nlrb amazon has raised three different claims all of which are meritorious but even one of which is sufficient for entry of a preliminary injunction i'd like to focus my time and the court's attention on three critical points one for each claim i'll return to each in greater detail but just to quickly preview them here first i'd like to explain why amazon's removal claim does not implicate humphries executor and why the structure of the nlrb makes the analysis here different from cases involving other agencies and that is because the nlrb lacks the mandatory partisan balancing requirement of other agencies like the ftc and the consumer product safety commission the absence of such a requirement combined with the executive power that it exercised creates excessive insulation in the nlrb it differentiates the nlrb from other agencies and takes it outside the scope of humphries executor and this court's decision and consumers research the second thing i'd like to address is with respect to amazon's seventh amendment claim which stems from the extraordinary nature of the damages the nlrb is seeking in this unfair labor practice case namely the board seeks to order amazon to compensate employees for quote the lost opportunity to engage in collective bargaining end quote which would counterfactually assume in calculating a remedy that if amazon had negotiated with the union earlier amazon would have agreed to a certain package of pay or benefits that assumption is not only speculative but it runs contrary to the provision of the nlra that requires employers and employees to negotiate in good faith but expressly states that neither party is required to agree to any particular proposal and let me emphasize the question here is not whether amazon is liable or whether this legal relief is warranted it's only that because this form of damages is sought to be imposed under the seventh amendment amazon is entitled to have the relevant issues decided by a jury a pi would preserve the status quo and allow the district court to consider that claim without subjecting amazon to the unconstitutional proceeding and finally as to amazon's separation of powers claim it's pretty obvious but i want to underscore why on the unique circumstances of this case it would be improper for the board to determine whether amazon engaged in an unfair labor practice by not negotiating with workers and that is because in the underlying representation case amazon's primary objection is that the board itself improperly interfered with the election by exercising its prosecutorial authority in the way that it did the board cannot fairly consider objections regarding whether the board misused its prosecutorial powers due process guarantees that no man can be a judge in his own case and on this very unusual set of facts amazon asks for a pi to pause the proceedings while its claim is litigated to prevent board members from being permitted to sit in judgment of their own conduct nothing in the name in the nlra strips the district court's jurisdiction under 1331 to address any of these claims and amazon would be irreparably harmed by the here and now injury of having to submit to unconstitutional proceedings because as the supreme court has held that injury is impossible to remedy once the proceeding is over that's the axon case of course the court should grant the pi and pause the nrb's challenge proceeding until amazon's claims can be resolved on the merits i welcome the court's questions but otherwise we'll address each of these claims in turn well counsel i have i guess a preliminary concern about whether or not we have jurisdiction in order to have jurisdiction we have to agree that there was an effective denial of a motion isn't that correct yes your honor and there was an effective denial here that the inquiry is whether the district court had an adequate chance to um to consider the relief that was being sought and everyone was well aware of the deadline that was imposed by um by the nlrb and it was clear throughout the proceeding below that unless the decision were reached by the court by september 27 that that amazon would consider that an effective denial and that's when was the first the first time you told the court that you needed a decision by september 27 well the date changed originally it was september 13 was the date of the the brief but that was that needed to be filed but the urgency of the relief sought was apparent from the get-go because the relief sought and the complaint was a temporary restraining order and a preliminary injunction followed by a temporary restraining order a motion for a tro so the district court set a hearing for that two weeks later and everyone went into that hearing thinking well we're going to decide we're going to know by the end of this hearing whether this tro is going to be granted or not the nlrb pushed off the the deadline that was otherwise applicable in order to accommodate that hearing but then it refused to push off the deadline further which would to allow the district court to actually reach a decision on that and so following the hearing which sort of became a pi hearing because it was it was everyone was heard so he's hearing for september 24 that's correct your honor yes you would have been fine with that you say but he needed to rule that day is that your problem that he didn't make a ruling that day i think everyone's expectation your honor at the hearing was that because a tro is an emergency urgent relief you have to think very carefully about whether you asked for it had already been several weeks since that had been requested and so i think everyone's expectation was that that day they would know whether there was a tro or a pi that was being entered and then the district court did not make a decision and so amazon facing down this deadline imposed by the nlrb the nlrb refused to push that deadline off and so the consequence of that was that we had to consider the the lack of at the end of at the end of the september 24th hearing uh he said he wanted some supplemental briefing by september 27 isn't that correct that is correct your honor um and and you didn't give it and you didn't give any push back when he announced that deadline did you i think that we reiterated that we needed a decision by the by the 0.7 my colleague miss rogers underscored that for the court on pages 66 and 67 of the hearing transcript um and then on september 26 the day before amazon alerted the court in that supplemental briefing look we really need a decision the nlrb has refused to push off this this imposed deadline which would have resolved all of this and um when that decision did not come um you know the the effective denial was complete so when do you think the effective denial was complete what day september 27 when there was no there was no decision uh and we alerted the court then in order for us to seek relief from the fifth circuit by 2 p.m i i think was the deadline you know earlier in the day would have been the last chance for the district court to actually rule on the on the motion so i think it was it was apparent from the very beginning three weeks earlier that this is the this is what we're dealing with again the nlrb could have avoided all this by pushing off the the briefing deadline pending a decision by the district court but it refused to do that counsel can you point to any part of the record where you specifically advise the court that you need a ruling by september 27th other than that letter on september 26th i think that the um the september 27 date appears in opposition to the votion to transfer i believe i want to make sure i don't mistake your honor okay and i'm not asking about where it appears i'm asking about a specific request to the court for a ruling by that date well it certainly um certainly was in the hearing itself as well and if you go back to the transcript there was discussion about the 27th being the operative the operative deadline well there's a difference between discussion in my mind and a specific request so i'm interested in a specific request well i mean it's sort of inherent in the um the idea of a tro that was being requested this is emergency urgent relief and the reason why that was was clear was because of that applicable briefing deadline so that that was clear from the very beginning again the date of that that deadline changed i believe it was september 13th and the the the board pushed off that deadline to the to the 27th but i don't think there was any confusion that that was that was what amazon considered the operative deadline and i think that appears throughout the proceedings below um and so we think that uh that effective denial was was complete and that everything that occurred after in the district court the district court lacked jurisdiction um and has no effect on the appeal on this court that's certainly the holding in the fort worth chamber of commerce case from this uh from this from this court um i want to also push back a little bit on the suggestion that you know that there was that amazon couldn't should have done something something else uh i think that's exactly what we did was to put the court on notice that this is a deadline it's not an artificial deadline it's not even a deadline that amazon imposed it was imposed by the by the nrlb so it's not an artificial emergency uh at all and amazon acted diligently consistent with the fort worth chamber of commerce case to file a complaint only five days after um the nrlb denied amazon's request for review in the underlying administrative proceeding counsel i guess my problem is so you get it the judge announces he wants merits related supplemental briefing by september 27th and there's no objection to that so you wanted him to receive the briefing on the 27th to read it review it vet it and rule all on the 27th and then that and that seemed reasonable to you at the time he announced the 27th as his deadline i think the hearing would show that we we doubled down on the idea that the court needed to rule by the 27th i don't know that we were in a position to tell the court no you know but we did tell the court on september 26th reiterating the need for a decision by by the 27th i guess where i'm stuck at i'm at september 24th when he said september 27th deadline for supplemental briefing which i guess you had till the end of the day on september 27th and he didn't there was no objection to that at the time he said it so you had to have expected that he would if if the 27th was already your hard deadline then you had to have expected that he's going to receive a brief i guess at the end of the day uh and then he's going to rule on the very same day and if not that's an effective denial that just doesn't seem reasonable to me well your honor i you know the district court had plenty of time to consider this request for a tro didn't have to set a hearing did took two weeks to to do that it was clear that we consider this emergency relief that needed to be granted walked into the hearing thinking that a tarot was going to be granted that day and i think some of the judges comments in the hearing suggest that uh the court understood that to be the request um so the the fact that we um the fact that we uh did not tell the court um you know didn't tell the court in another way doesn't mean that the judge was not aware of our need for a um a decision by the 27th in fact the letter on december excuse me september 26th reiterated that yeah you tell them the day before you need it tomorrow yeah well that's not unusual on the tro as your honor is well aware that tros can can be issued at any time um there was a lot of process was there any discussion at the hearing that the nlrb could rule and the nlrb said no no we'll wait till you get the briefing and we get a ruling the the um the nlrb refused to to put a time certain on it uh there was discussion and acknowledgement that the nlrb could theoretically could rule at any time but that typically it could take weeks or longer but that was that's a sort of a hollow assurance and in order to protect our interests we had to assume that as soon as our brief was filed that the nrlb could take action so what did they did the nlrb say we could we could rule in any time but it might take longer or did they say that did they give did they specifically say no we will not do anything on the 27th until until after the 27th uh they to my recollection did not provide that insurance in fact they refused to stay um to stay the deadline or push off the deadline pending uh an opportunity for the court to actually consider uh to have a longer period of time to consider the issues that had been raised so the deadline the 27th that was for the filing of a response is that correct that's correct uh a response to the general council's motion for a sum for summary judgment so our response would sort of uh you know there'd be no further activity from us and then the the board could rule on that motion and and you thought they could rule the day that you filed your response yes theoretically possible and um and the nrb did not suggest that they would not do that provide no assurance that they would not do that they provided some um indication that typically it takes weeks or even months for that to happen but that um is not uh that provided little assurance to amazon that in order to protect its rights it wouldn't have to um go to the court which is what we which we did in the first place why wouldn't the date that they actually took action be the date to seek emergency relief because at that point the the harm would would already be done which is sort of the point of of this of the various claims that we've raised in this case we want to seek uh to stop the nrb from engaging in unconstitutional proceedings and so as soon as we are aware in in august that the nrb intended to take action uh in what we call the the c case we file a complaint to stop that from proceeding and again we sought a tro very urgent relief um the district court set a hearing for weeks off we walked in the hearing thinking we were going to get an answer advised the court of the relevant deadlines and no decision came and so at that point we had to consider our request denied and um and obviously appealed it to this court which your time has your time has expired thank you your honor good uh good morning your honors tyler weiss on behalf of the nrb and other named defendants this case should be dismissed for lack of jurisdiction as the supreme court and this court have consistently held appellate jurisdiction based off of effective denials should be limited as it interferes with the regular operation of the courts and invites precisely the type of mischief that amazon has wrought here specifically the supreme court established in carson two elements that must be met in order to find an effective denial of relief first that quote serious perhaps irreparable consequence will result if immediate relief is not granted and second of finding that the order can be effectually challenged only by immediate appeal amazon has fallen far short of meeting these elements here first amazon has singularly failed to establish how quote serious perhaps irreparable consequence would result had the district court been able to proceed along its normal course indeed the evidence in this case uniquely demonstrates that the district court did decide these issues in this case on a timely basis by denying the requested tro and ordering that the matter be transferred to ddc on sunday september 29th before the september 30th date when the board could have issued a decision second there is no argument that the district court's alleged failure to act can be effectually challenged only by immediate appeal indeed there has been no failure to act the district court acted before the imaginary deadline created by amazon the only reason this case has not been transferred to and perhaps even resolved by the district of columbia is because of amazon's procedural machinations this should not be countenanced and i'd like to start my detailed remarks on this front by talking about the chamber of for worth case that my uh opposing counsel mentioned um in that case this court recognized or emphasized excuse me that effective denial depends on the specific circumstances of a case both as to the plaintiff's actions in pressing its effective denial arguments and also the harm that would result if the agency were allowed to proceed along its normal course now both of these factors in fort worth stand in stark contrast to amazon's conduct here what the plaintiffs did in fort worth is they provided clear deadlines from the outset of the case they established a deadline to the court said court you need to rule by this time or we're going to consider our relief effectively denied and after the district court didn't meet that initial deadline plaintiffs set another clear deadline to the district court when they said court you know we really need a ruling by the state and if we don't get it we're going to suffer serious perhaps irreparable consequence well what what if the nlrb had ruled on friday the 27th i think that was a friday right that that's correct it was a friday well it would be so i i think it would depend in part on the scope of the ruling your honor um there is admittedly a chance that the board's uh decision on the motion for summary judgment could be the conclusion of the administrative case um before the before the nlrb but that's not necessarily the case and one thing in particular that i'd like to draw the court's attention to is well this was a summary proceeding and my question is what if the nlb had granted summary relief on the 27th where would we be well that that that could be the termination of the administrative proceeding had the gore had had the board in an unprecedented fashion i'm certainly not aware of the board ever doing this but had the board snap decided a decision on uh september 27th um after receiving amazon's uh reply briefing again that's not so where would we be if they issued a final summary decision on the 27th procedurally where would we be well i think the administrative proceeding would likely have concluded at that point had the board addressed all issues in the case um and so then would what where would the that point well the appeal would lie in amazon's hands at that point they would be able to appeal the final board order to a circuit court as is normally done in uh nlrb proceedings that's that's right what would they raise the same issues that they're raising in front of the district court here saying all of the same issues yes they certainly could your honor that they could they could raise the removal restrictions they could raise the combination of functions they could argue that you know to the extent the board actually overrules its existing precedent and but hasn't the supreme court said you don't have to wait for an adverse ruling to raise these it wasn't at the holding in case it went up a few years ago no i i don't believe so your honor um that i think i think the case that you might be referring to unless you're thinking of a different one is is the axon uh holding and i think the axon holding in particular um is uh is not relevant to the question of relief that decision was a question of jurisdiction the case i'm thinking what what was i should have looked at before this morning there was an action to stop an administrative prosecution or before there was an administrative proceeding going on in the court so we don't have to wait till you lose the ranch before you you have to file an appeal to challenge these certain issues does that case have relevance you don't have to bet the ranch basically i don't believe so your honor first of all you know this isn't a case where amazon is having to bet the ranch or suffer any um serious perhaps irreparable consequence well they would have lost in the in the spring court held you don't have to wait till you lose to raise these kinds of issues what what is that case relevant or not no no i don't think that this court has recognized um the the you know merely proceeding through an administrative process is not uh irreparable harm and in particular i think amazon's conduct bears reference here so this case began back in 2021 i believe december 2021 with the filing of an election petition uh by the teamsters union and amazon sat on its hands for years while it allegedly suffered irreparable harm by participating in board proceedings it didn't raise these claims at any point before the administrative agency even even after it filed its its complaint in the uh district of texas it still hadn't raised these claims before the nrb it was only in its reply briefing on september 27th that amazon first brought these claims um before the national labor relations board um and and so i think you know is there an exhaustion requirement uh i believe there is your honor um typically when when parties don't raise arguments in a timely fashion um before the board uh our appellate council uh will argue that that that the failure to do so um bars those arguments under section 10 when you're talking about the the constitutional legitimacy of the agency well your honor i don't think we would have a 10 e argument here because amazon did belatedly certainly but but did raise these arguments uh to the board in its reply that it filed on september 27th um but but i think i think the important point to recognize and it's related to the fact that we're talking about equitable relief here is that amazon is saying that it that merely participating in an agency proceeding is irreparable harm yet on the other hand amazon participated in these proceedings for years and never raised these constitutional arguments despite the fact that they were present throughout the entirety of these proceedings and in fact amazon claims that it was entitled to wait until it got an adverse ruling in the underlying proceeding to file its appeal i think that has it exactly backwards that's the type of we're running short on time so let me ask you about the seventh amendment in in deciding that issue do we focus on the nature of the claim and whether there was a comparable or similar common law claim or we do we just look at the remedy whether money damages or money compensation will be awarded i i think they're both relevant your honor but i think as a threshold matter before i touch on you know the seventh amendment elements that this court and the supreme court discussed in jarkizi i think there's a fundamental uh stop or a precedent that prevents you from even getting to that question and that's the supreme court's decision in jones and laughlin um which in that decision the supreme court held that there is no seventh amendment right to board proceedings because board proceedings enforce public not private rights and if you look at if you look at how this court analyzed the seventh amendment issue in jarkizi it said that it first looks at you know is is the claim one of a nature of law and then is the remedy one of a nature of law and if the answer to both those questions is yes then you look at whether the public rights exception nonetheless removes it from the school i'm i understand that's but that's a separate argument i just want to i want i'm asking just solely focusing on the seventh amendment do we look what do we look at do we look at was there a common law cause of action for this or do we look at what the remedy in deciding whether it comes within the common law right to a jury under the seventh amendment yes your honor i think in the supreme court's jarkizi decision makes this clear you look at both um you look at first you know is and i guess the supreme court did it in a different order but either way they're both relevant to the inquiry so you look at first is the nature of the action one that arises at common law and the answer to that question as it pertains to nlra claims is clearly no um as as this court held even before jones and laughlin in a case called aguilines that issued shortly after the nlra that this court held that the claims under the uh under the nlra are obnoxious to the common law that there is no common law analogy between claims of retaliation against employees for example for unionizing in the common law in fact organizing under the common law oftentimes was itself held to be unlawful by employees um so there is no common law soil uh equivalent to what was at issue in jarkizi where you know the court looked at the um looked at you know the sec fraud claims and said yeah this is fraud claims that had been brought to the court of law for hundreds of years there's nothing equivalent uh with the nlra claims in this case and then second as as to the remedy um i i think you know jarkizi again provides very helpful guidance on this issue because what the court focused on in jarkizi is the fact that the remedy that the sec was seeking in that case involved fines monetary penalties things that were specifically designed to punish and deter wrongdoers that's not what the board is doing here in fact that's not what the board is statutorily authorized to do all the board is allowed to do is to issue make whole relief and that's precisely what the board uh could do were it to issue the excel remedy that amazon is complaining about in this case but one point i'd like to make on that just briefly is that excello is not the current law um under under the board uh it hasn't been the law since at least the 1970s the board has given no indication um that it will in fact overturn decades of precedent and issue this remedy about which amazon complains and so i think you know that that certainly makes their claim as to the seventh amendment issue both speculative and also very case dependent i know you know my opposing counsel didn't get into this but i think there's a serious question even setting aside the effective denial issue as to whether there is jurisdiction over the seventh amendment claim because what they're complaining about is a specific order that might result in a particular board case it's not a structural issue it's not like the removal claims in this case that are that come up in every single board proceeding the seventh amendment claim here is very fact and issue specific to a given case and those types of claims typically don't defeat exclusive review schemes like that contained in the national labor relations act um and in particular in the employment context i would just point the court's attention on the jurisdictional issue to the decision in lgnb department of treasury which dealt with similar constitutional claims before the mspb and the supreme court said that there was no um direct uh jurisdiction for those claims in part because the underlying merits issues in the employee's claim before the mspb could resolve or obviate the constitutional issues that's exactly what could happen here with regard to the seventh amendment claim the board could say yeah look we aren't going to overturn 50 years of precedent we're just going to order um as in line with what we've done for 50 years that amazon needs to bargain we aren't going to we aren't going to attach any monetary liability at all um and so there there wouldn't be um even a basis for a seventh amendment claim um obviously you know setting aside the fact that um that uh that uh you know that the the remedies and the cause of action also don't give rise to a seventh amendment claim um and just with my remaining time here i'd just like to touch briefly back to the effective denial argument and i know there's been a lot of talk about what happened at the september hearing um and there's a couple points that i'd like to direct the court's attention to um first of all at the outset of that hearing and this can be found at roa 547 and 548 uh the judge olivera requested um amazon's position on a motion to intervene amazon's response was that they were not prepared to address that issue that day and ask for more time second i'd like to direct the court's attention to what happened at the end of that hearing judge olivera asked for a ruling um or for supplemental briefing by september 27th amazon's only response was to ask what time he wanted that briefing by and when judge olivera said noon they were perfectly fine with it and then finally as to counsel's point about there being a tro and it being understood that the court needed to rule the day you can look at the transcript of that hearing that statement was never made there was never anything even close to that and so i think the party's lack of diligence in pressing that argument precludes effective denial may it please the court i'm julie gutman dickinson here on behalf of intervener tam teamsters amazon national negotiating committee tank which is the bargaining representative for the thousands of amazon employees at the amazon jfk staten island new york location at issue here and at other we urge the court to dismiss this appeal first what has been talked about at length here no effective denial and therefore no jurisdiction amazon has improperly bypassed the district court and attempted to turn this court from a court of appeals to a court of first impression a court of first resort by inventing a deadline and then claiming that the district court's failure to act by that artificial deadline constituted an effective denial notwithstanding that at the hearing it acquiesced to briefing on the september 27th and it was clear the judge ruled on september 29th and never in the history of the nlrb i worked there for 10 years before becoming a union side lawyer have i ever seen the the nlrb rule the same day much week much less even weeks it's usually typically months or or longer uh this court must reject amazon's attempt to get around judge rodriguez's decision and it's attempted there's a continuum there let's assume that the briefing it had filed on the 27th the judge didn't rule for two weeks when would you have an effective denial the the nlrb could have ruled at any time the r proceeding had been going on for a very very long time and the c proceeding had just been sitting there waiting for resolution of the r at what point would there be an effective denial well uh your honor i there was no effective denial the the uh the the judge issued a decision on on on sunday so the day before their claimed harm could occur on the 30th so um i that that became irrelevant at that point because the judge actually ruled and i believe strongly that the decision and the attempt to decree the effective denial doctrine into a scheme that any party can use to bypass a court decision uh does not it's not an acceptable way to proceed i'd also like to note that what waiver and latches are at issue here in addition to amazon's failed effective denial argument this court should find that amazon has waived its right to bring this action by failing to expeditiously act even before september 2024th employees at amazon jfk facility new york began to organize and filed ulps unfair labor practices at the nlrb in 2020 amazon did not raise any constitutional claims then it's instead it defended itself from those charges argued its cases before nlr be aljs and then appealed to the nlrb by filing exceptions to the judge's decision never making constitutional claims at any step of the way when employees filed for a union election december 2021 amazon again did not raise any constitutional issues amazon filed a request for review with the nlrb in february 2023 and at no time made any constitutional claims instead for four years amazon participated fully and availed itself of the nlrb process and it now suddenly claims that that would cause irreparable harm if it was allowed to continue for even one more day in flex frack logistics edit cited in our brief this court found that a that a party had waived an unconstitutional appointment argument that it had not raised before the nlrb the same principle should apply here to find amazon likewise waived its rights to bring these constitutional claims and by the same token the well-established doctrine of latches forecloses amazon's arguments because its unexplained delay has caused direct harm to amazon employees and their bargaining representative the workers and their union have been forced to expend an inordinate amount of time and resources for years organizing litigating trying to vindicate their to get amazon to the bargaining table only to have amazon pull the rug out from under them years down the line by seeking to invalidate that entire process just as was about to come to fruition third amazon will not suffer any irreparable harm from the nlrb process continuing because nlrb orders are not self-enforcing so if and when nlrb process continues as it should amazon would have two ways to protect itself uh before it be forced to comply it could could challenge the board order itself in the appropriate circuit court it could wait until the nlrb seeks to enforce its order in an appropriate circuit court in either case it can raise every single argument that it raises in this litigation and in fact is set forth in our brief that's exactly what the respondent did in no canning finally the balance of equity strongly strongly favors denying the injunction because granting an injunction here would cause significant irreparable harm to tank the employees it represents and the collective bargaining process it'll chill workers throughout the country from exercising their rights and threatens chaos in industrial strife as set forth in detail in our brief thank you counsel mr cox yes your honor thank you just a few points in rebuttal your honor i asked what would happen if the proceeding came to a close that would moot our constitutional claims as my colleague mentioned at the september 24th hearing and that would foreclose our ability to get meaningful relief on appeal and i i will cite the axon case again i commend it to your honors because that case makes clear that the harm to amazon is the fact that the nlrb process the denial of meaningful relief and and the the remedy uh it's impossible to remedy once the proceeding is over said the supreme court which is when appellate review kicks in um amazon's right to an acceptable adjudicator in the first instance quote would be effectively lost that's the axon case at 192 your honor also mentioned i think you and you meant the free enterprise fund case where the court said that you don't normally require plaintiffs to bet the farm by taking action before testing the validity of of the law that was the free enterprise enterprise fund case so waiting also for uh review by the court of appeals bakes in deference to the to the agency and the concurrences by gorsuch justices gorsuch and thomas in the axon case make make clear that it's no answer that an article three court may eventually review the the agency order second there was some discussion of the fact that amazon didn't raise claims before the nlrb previously when supposedly it was supposed to uh there's no requirement that amazon have have done that but in any event some of the claims did not really arise until the r case was concluded the seventh amendment complaint claim only arose when the relief saw in the c case um it was not clear that the board's adverse action in the r case in august 2024 would would make the c case go forward so that was an august 2024 injury same with the separation of powers claim it could not have been brought earlier because it only really arose when it became clear in august 2024 that the tainted board members were not going to recuse themselves so those are august 2024 injuries that that arose and again either one of these any one of these claims is sufficient for a p.i third there was some discussion about the seventh amendment your honor asked which is more important the the nature of the cause of action or the the remedy uh the court said in jarcusy that the nature of the remedy is the more important consideration and can be all but dispositive that's jarcasey at 21 29 um there was some suggestion that the seventh amendment claim is not a structural claim but as an axon with a separate with a removal claim the question is whether amazon is going to be subjected to an illegitimate proceeding led by an illegitimate decision maker that's exactly what we what we have here um there was discussion about the the harm to to workers um those that is not an harm that can be remedied by by back pay by contrast uh the injury to amazon the supreme court said in in axon is that it cannot be undone and that is the definition of an irreparable harm finally there was some discussion of effective denial uh again and i would just point the court to our complaint at paragraph 100 where we discuss the the urgency for um uh relief uh and again my colleague on page 67 reiterated to the court that we needed a decision by september 27 the fact that there was a noon deadline in fact was acceptable because that would have given us opportunity to seek an appeal from um from this court so thank you your honors last point why didn't you wait till noon i'm sorry on that last point why didn't you wait until noon well i don't recall the exact timing uh your honor uh i wish i i wish i could give you a better answer i thought it was at 5 30 in the morning or very early in the morning uh i'm afraid i don't have a a recollection of that timing your honor we asked the court to to enter the preliminary injunction thank you thank you counsel we will now get ready to hear the second case of the morning 24-40315 you